## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**MARVA L. RUSSELL MASON,**                    CASE NO. 3:25 CV 129

      Plaintiff,

      v.                                             JUDGE JAMES R. KNEPP II

**SECRETARY OF DEPARTMENT OF**
**VETERANS AFFAIRS AGENCY,**
                                                              **MEMORANDUM OPINION AND**
      Defendant.                                **ORDER**


### INTRODUCTION

Currently pending in this employment discrimination suit is Defendant Secretary of Veterans Affairs Douglas A. Collins's[1] Motion to Dismiss *pro se* Plaintiff Marva L. Russell Mason's Complaint. (Doc. 7). Plaintiff has not responded and the time in which to do so has expired. *See* Loc. Civ. R. 7.1.(d) (providing 30 days to respond to a dispositive motion). Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons discussed below, the Court grants Defendant's motion.

### BACKGROUND

The following facts are taken from Plaintiff's form Employment Discrimination Complaint and are presumed true for purposes of this motion.

---

1. Plaintiff originally sued a prior Secretary of Veterans Affairs, Denis R. McDonough. *See* Doc. 1, at 1. Douglas A. Collins currently holds that office and is automatically substituted as the defendant here. *See* Fed. R. Civ. P. 25(d)(1); *see, e.g., Cheney v. U.S. Dist. Ct.*, 541 U.S. 913, 917 (2004) ("That is why federal law provides for *automatic substitution* of the new officer when the originally named officer has been replaced."); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Indeed, when officials sued in this capacity in federal court die or leave office, their successors automatically assume their roles in the litigation.").

Plaintiff was employed by the Ann Arbor Veterans Administration Health Care System. (Doc. 1, at 3). She checked boxes indicating she brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and in a section for "[o]ther federal law," wrote "Veterans Protection." *Id.* She further checked boxes indicating the discriminatory conduct at issue included: termination of employment, failure to promote, failure to accommodate a disability, unequal terms and conditions of employment, and retaliation. *Id.* at 4. In response to a line stating: "It is my best recollection that the alleged discriminatory acts occurred on date(s)," Plaintiff wrote: "Mason engaged in prior EEO activity, including in 2015, 2016, 2019, and 2020." *Id.* She checked boxes indicating Defendant discriminated against her based on race, and wrote "Black/Dress." *Id.* She also checked a box indicating discrimination based on disability or perceived disability and wrote "PTSD." *Id.* A section of the form entitled "The facts of my case are as follows. Attach additional pages if needed" was left blank. *Id.* at 4-5.

Plaintiff states she filed a charge with the Equal Employment Opportunity Commission ("EEOC") on October 22, 2020. *Id.* at 5. The form then asks whether the EEOC issued a Notice of Right to Sue letter. Plaintiff did not check the box next to either "has not issued" or "issued," but added a date after the following statement so it reads: "issued a Notice of Right to Sue letter, which I received on (*date*) 10/17/2024." *Id.*

Plaintiff requests compensatory damages, including front and back pay and emotional distress damages, as well attorney fees. *Id.* at 6. She seeks a total of $300,000 and also separately itemizes attorney fees in the amount of $76,931.25. *Id.*

Plaintiff attaches two additional items to the Complaint. First, she attaches a form Complaint for a Civil Case. (Doc. 1-1). Therein, she states she "filed a number of complaints

regarding harassment and discrimination" and a Veterans Health Administration mental health provider "shared private records with [her] supervisor and coordinator." *Id.* at 4. She asserts claims of discrimination, harassment, and retaliation, and lists the same relief requested in her Complaint. *Id.* at 4-5.[2] Second, Plaintiff attaches a written decision from the EEOC dated October 17, 2024, affirming an EEOC Administrative Judge's determination that Plaintiff "was not subjected to a hostile work environment regarding discipline, leave, disability accommodation and terms and conditions based on her race (Black), disability, and reprisal." (Doc. 1-2, at 1). The EEOC decision contained the following statement:

<u>COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION</u> (S0124)

> You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by their full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" mean the national organization, and not the local office, facility or department in which you work.

*Id.* at 13. The decision further contained a "Certificate of Mailing," which states: "For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was made available to the parties." *Id.* at 15 (typeface modified).

### STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. The Court is required to accept the allegations stated in the complaint as true, while viewing the complaint in a light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Although a complaint need not contain "detailed

---

2. In the attachment, Plaintiff requests $300,000 in damages and $76,931.25 in attorney fees, as she did in her original Complaint. *See* Doc. 1-1, at 5. Under the "Attorney Fees" section in the attachment, she also lists $1342.00 in deposition fees and $656.25 in paralegal fees. *Id.*

factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

"[A] motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). "However, dismissal is warranted if 'the allegations in the complaint affirmatively show that the claim is time-barred.'" *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (quoting *Cataldo*, 676 F.3d at 547).

## DISCUSSION

Defendant first moves to dismiss the Complaint on statute of limitations grounds. (Doc. 7, at 6-8). A plaintiff alleging employment discrimination under Title VII or the ADA must file her complaint in the district court within 90 days of receiving a right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a). The 90-day limitations period generally begins running "on the fifth day" after the EEOC sends the notice to the plaintiff. *Carter v. Hickory Healthcare, Inc.*, 905 F.3d 963, 969 (6th Cir. 2018) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000)). This rule is not jurisdictional; instead, it is a claim-processing rule. *See George v. Youngstown State Univ.*, 966

F.3d 446, 469 (6th Cir. 2020) (citing *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 551 (2019)). The 90-day rule "raise[s] a . . . barrier which is 'subject to waiver, estoppel, and equitable tolling.'" *Graham-Humphreys*, 209 F.3d at 560 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Nevertheless, "[t]he federal courts have strictly enforced Title VII's ninety-day statutory limit." *Graham-Humphreys*, 209 F.3d at 557;[3] *see also Hudson v. Genesee Intermediate Sch. Dist.*, 2013 WL 6163220, at *4 (E.D. Mich.) ("As many courts have held, Title VII's [90] day period applies to pro se plaintiffs, and even one day's delay is fatal to a claim.") (citation modified) (collecting cases). In *Graham-Humphreys*, the Sixth Circuit affirmed dismissal of a complaint that was filed eleven days late. 209 F.3d at 559-60. Plaintiff bears the burden of demonstrating an entitlement to equitable tolling. *See Hampton v. Caldera*, 58 F. App'x 158, 160 (6th Cir. 2003) ("It is the burden of the employee in such an instance to plead and prove facts supporting equitable avoidance of a timeliness defense."); *Johnson-Brown v. Wayne State Univ.*, 173 F.3d 855 (6th Cir. 1999) (table) ("Because the University raised the issue of whether Johnson-Brown complied with the requisite ninety-day filing deadline, Johnson-Brown had the

---

3. The Sixth Circuit elaborated in *Graham-Humphreys*:

> In *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (*per curiam*), an opinion that dismissed a *pro se* Title VII complaint filed outside of limitations, the Supreme Court stated that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Id.* at 152, 104 S.Ct. 1723. In *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), the Court further explained that "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id.* at 826, 100 S.Ct. 2486. *See also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

209 F.3d at 557.

burden of showing that waiver, estoppel, or equitable tolling is applicable to her case.") (citing *Saltz v. Lehman*, 672 F.2d 207, 209 (D.C. Cir. 1982) (per curiam)).

Plaintiff here alleges in her Complaint, by filling in the form line, that she received the Notice of Right to Sue letter on October 17, 2024. (Doc. 1, at 5). She also attaches the October 17, 2024, EEOC Decision containing the statement of her right to file a civil action within 90 days. (Doc. 1-2). Ninety days after October 17, 2024 was January 15, 2025. Plaintiff filed her Complaint in the instant case on January 24, 2025. Plaintiff alleges in her Complaint she received the EEOC decision the date it was issued. Taking that allegation as true, Plaintiff filed her Complaint nine days after the expiration of the statute of limitations. Even giving Plaintiff the benefit of the five-day mailing presumption, Plaintiff filed her Complaint four days after the expiration of the statute of limitations. Plaintiff has not responded to Defendant's Motion to offer any basis for tolling of the limitations period. The Court finds "the allegations in the complaint affirmatively show that the claim is time-barred" and dismissal pursuant to Rule 12(b)(6) is thus appropriate. *Lutz*, 717 F.3d at 464 (quoting *Cataldo*, 676 F.3d at 547).[4]

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Dismiss (Doc. 7) be, and the same hereby is, GRANTED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: November 3, 2025

---

4. Because the Court finds Defendant's Motion on timeliness grounds well-taken, it need not reach the additional and alternative basis for dismissal proffered.